Filed 3/18/25  P. v. Miles CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JERRY MILES,<br><br>        Defendant and Appellant. | E083098<br><br>(Super.Ct.No. SWF022005)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Dwight W. Moore, Judge.  Affirmed and remanded with directions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Jerry Miles was resentenced pursuant to Penal Code[1] section 1172.75.  On appeal, he contends that:  (1) the trial court improperly imposed a $5000 fine under section 294; (2) the order to pay the costs of a presentence report must be stricken from the amended abstract of judgment, since the court did not make that order; (3) if the court did make that order, Assembly Bill No. 1869 now requires that it be stricken from the judgment; and (4) his custody credits were improperly recalculated. We agree that the order to pay for the presentence report must be stricken.  Otherwise, we affirm the judgment.

## PROCEDURAL BACKGROUND

In 2010, a jury found defendant guilty of one count of rape of a child under 14 years of age (§ 269, subd. (a)(1)) and three counts of simple battery (§ 242).  (*People v. Miles* (June 18, 2012, E052647 [nonpub. opn.] (*Miles*).).[2]  The trial court found true that defendant had served one prior prison term (§ 667.5, subd. (b)) and that he had nine prior strike convictions (§§ 667, subds. (c) & (e)(2)(A) and 1170.12, subd. (c)(2)(A).)  (*Ibid.*)

On December 17, 2010, the court sentenced defendant to a total term of 91 years to life in state prison, consisting of 45 years to life on count 1, plus 45 years (eight five-year enhancement terms under section 667, subdivision (a), and one five-year term under

---

[1]  All further statutory references will be to the Penal Code unless otherwise indicated.

[2]  On our motion, we take judicial notice of our nonpublished opinion.  (Evid. Code, §§ 459, 452, subd. (d).)

section 667.6, subdivision (a))[3], and one year for the prison prior.  The court imposed concurrent sentences of 120 days on counts 2, 3, and 4.  (*Miles*, *supra*, E052647.)  The court also awarded 1416 days of presentence credit, consisting of 1232 actual days and 184 local conduct credits, and it ordered defendant to pay various fines and fees, including a $5000 fine pursuant to section 294.

Defendant appealed, contending that the trial court erred in several respects, including imposing five-year terms for uncharged enhancements.  (*Miles*, *supra*, E052647.)  This court agreed and ordered the trial court to modify the sentence to strike the nine five-year enhancement terms and amend the abstract of judgment accordingly.  (*Miles*, *supra*, E052647.)  On October 10, 2012, the court filed an amended abstract of judgment reflecting that the five-year enhancement terms were stricken.  The amended abstract continued to show 1416 days of presentence credit, consisting of 1232 actual days and 184 local conduct credits.

On November 21, 2023, after defendant's name was presumably provided to the trial court as someone potentially eligible for resentencing under section 1172.75, the court held a recall/resentencing hearing.  The court struck the prior prison as invalid and resentenced defendant to 45 years to life in prison, with "[a]ll other orders to remain in

---

[3] Before sentencing, the probation department prepared a report indicating that defendant's prior strike convictions could also have qualified as prior serious or violent felonies under sections 667, subdivision (a) (five-year enhancement for prior serious felony brought and tried separately) and 667.6, subdivision (a) (prior violent sex offense five-year enhancement). Although these enhancements had not been alleged in the information or proved to the court, the probation department recommended adding these enhancements to defendant's sentence, since the validity of the prior convictions had been established by the true findings as strike priors.  (*Miles*, *supra*, E052647.)

full force and effect." An amended abstract of judgment was filed indicating defendant's sentence of 45 years to life and the various fines and fees imposed, including the fine pursuant to section 294. The amended abstract continued to show 1416 days of presentence credit, consisting of 1232 actual days and 184 local conduct credits.

Defendant filed a notice of appeal of the November 21, 2023, resentencing order.

Appellate counsel subsequently wrote a letter to the trial court asking it to strike the fine imposed pursuant to section 294 as unauthorized and to correct defendant's custody credits.[4] The court held a hearing on March 20, 2024, and disagreed that the fine was unauthorized. It noted that, in view of the charging document, "defendant was convicted of a greater crime that includes within its definition offenses that are set forth in 294, [subdivision (b)]." The court found that "all of the underlying requirements of 294(b) were pled in the case and proved by virtue of the conviction pursuant to 269."

As to the custody credits, the court stated that it put this matter on calendar to clarify the number of custody credits defendant believed he should have received. Appellate counsel's letter asked for defendant to be awarded 5,892 days of custody credits, which his counsel explained was calculated from the date of his arrest on July 7, 2007, to "the resentencing date in 2023." However, the parties then conferred on the calculations. The court announced that it was "going to articulate the actual presentence credits, the 2933.1 credits, their combination, and then the fourth number would be all the days that he has been in custody since then." The court asked if the

---

[4] The record on appeal does not appear to contain a copy of the letter.

4

parties had agreed upon a number, and defense counsel said they had "an agreed-upon number for the days between December 17, 2010 [the original sentencing date] to today," which was 4,843 days. The court then stated: "So at this time I will order an amended abstract of judgment to show custody credits as follows: 1,232 actual credits, 184 days 2933 time, 4,843 post-judgment credits, and the combination of the actual credits and the good time credits presentence was 1,463." On March 21, 2024, an amended abstract of judgment was filed, showing 1232 actual credits and 184 local conduct credits, for a total of 1416 credits, plus an additional 4843 days of credits.

## DISCUSSION

### I. The Trial Court Properly Imposed the Fine Under Section 294

Defendant argues that the $5000 fine imposed under section 294 was unauthorized because he was convicted of a violation of section 269, subdivision (a)(1), which is not enumerated in section 294; thus, the court was without statutory authority to impose the fine, and it should be stricken. The People contend that, although section 269 is not expressly listed in section 294, a violation of section 269, subdivision (a)(1) necessarily includes a violation of section 261, which *is* listed in section 294. In other words, section 261 is a "predicate offense"; thus, a conviction for rape of a child under 14 years of age under section 269 "is necessarily included under section 294." We conclude the court properly imposed the fine under section 294.

Section 294 provides, in relevant part: "(b) Upon conviction of any person for a violation of Section 261, 264.1, 285, 286, 287, or 289 or former Section 288a, where the

5

violation is with a minor under the age of 14 years, the court may, in addition to any other penalty or restitution fine imposed, order the defendant to pay a restitution fine based on the defendant's ability to pay not to exceed five thousand dollars ($5,000), upon a felony conviction."

Defendant was charged by information with a violation of section 269, subdivision (a)(1), which provides: "Any person who commits any of the following acts upon a child who is under 14 years of age and seven or more years younger than the person is guilty of aggravated sexual assault of a child: (1) Rape, in violation of paragraph (2) or (6) of subdivision (a) of Section 261." The information specifically charged that defendant "did willfully and unlawfully commit a violation of Penal Code section 261, subdivision (a), subsection (2), RAPE, upon JANE DOE, a child who was under 14 years of age and 10 or more years younger than the defendant." Thus, in finding him guilty, the jury unquestionably convicted defendant of violating section 261, subdivision (a)(2).

We therefore conclude the court was authorized to impose the fine under section 294, since the jury found that defendant had violated section 261, which is enumerated in the statute. (§ 294, subd. (b).)

## II. The Presentence Report Fee Should Be Vacated

The court ordered defendant to pay the cost of a presentence report in an amount to be determined by the probation department, under former section 1203.1b. Defendant contends the court's order must be stricken because: (1) it was not part of the court's oral pronouncement of judgment at the resentencing hearing; and (2) Assembly Bill No. 1869

6

requires that the unpaid balance of the presentence report fee, as of July 1, 2021, be vacated. The People concede that the presentence report fee under former section 1203.1b should be vacated pursuant to Assembly Bill No.1869.[5]

"On September 18, 2020, the Governor signed Assembly Bill [No.] 1869. Effective July 1, 2021, Assembly Bill [No.] 1869 'eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and … eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.'" (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625 (*Greeley*).) Specifically, Assembly Bill No. 1869 abrogated the authority to impose and collect 23 different administrative fees, including, as relevant here, the presentence report fee. It did so by adding section 1465.9 to the Penal Code. (*Ibid.*) Section 1465.9, subdivision (a) provides: "The balance of any court-imposed costs pursuant to [S]ection 987.4, subdivision (a) of [S]ection 987.5, [S]ections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b . . ., and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." Accordingly, based on the plain language of the statute, any unpaid balance of the presentence report fee is unenforceable and uncollectible, and the portion of the judgment imposing that cost must be vacated. (*Greeley*, *supra*, 70 Cal.App.5th at pp. 626-627.)

---

[5] In light of the People's concession, we need not address their argument opposing defendant's claim that the order to pay the presentence report fee had to be stricken because it was not part of the court's oral pronouncement of judgment.

7

III.  The Court Correctly Awarded Defendant a Total of 6,259 Days of Custody Credits

Defendant contends that, at the hearing on March 20, 2024, the trial court miscalculated the number of days he had served in custody and the abstract of judgment should be modified.  He specifically asserts that he was arrested on July 7, 2007, and was continuously in custody until the court recalculated his credits on March 20, 2024.  He claims the abstract of judgment should be modified to reflect "6,102 days of presentence credit, and the same 194 days of local conduct credits that appears on the operative abstract of judgment for a total of 6,296 days of presentence custody credit."  The People disagree, arguing that the court correctly awarded defendant a total of 6,259 days of custody credits.  We agree with the People.

We first note that, when the trial court initially sentenced defendant on December 17, 2010, it awarded him *184* days of local conduct credits under section 2933.1, not 194 days, as defendant claims.  We also recognize that, at the resentencing hearings in September 2012 and November 2023, the court did not recalculate the number of days defendant had spent in custody from the date of his arrest to the date of his resentencing.  "[T]he trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time."  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 (*Buckhalter*); §§ 2900.1, 2900.5.)  Therefore, the trial court was obligated to recalculate defendant's actual time credits between the date of his original

8

sentencing hearing and his resentencing hearings. (*Buckhalter*, *supra*, 26 Cal.4th at p. 37.)

The court that imposed the original sentence on December 17, 2010, awarded defendant actual days and local conduct credits from the date of arrest through the date of that sentencing, in the total amount of 1,416 days (1232 actual plus 184 conduct).[6] At the March 20, 2024 hearing, the parties conferred on the c]ustody credit calculations, and defense counsel informed the court that they had "an agreed-upon number for the days between December 17, 2010 to today [March 20, 2024]," which was 4,843 days. The court accordingly stated: "So at this time I will order an amended abstract of judgment to show custody credits as follows: 1,232 actual credits, 184 days 2933 time, 4,843 post-judgment credits, and the combination of the actual credits and the good time credits presentence was 1,463." We note it appears that either the court misspoke, or the reporter erred in recording what the court said, since the combination of presentence credits was 1416 (1232 actual plus 184 conduct), not 1463. In any event, the trial court properly credited defendant with an additional 4,843 actual days of credit for the time he had been in prison since his original December 17, 2010 sentencing through the date the abstract was amended on March 20, 2024.

---

[6] We note that, in his reply brief, defendant asserts that the People "fail to recognize that [his] custody credits were never calculated correctly at his original sentencing hearing." However, the credit calculation from the initial sentencing on December 17, 2010, was not previously challenged on appeal, and defendant has presented no evidence that this calculation was inaccurate.

9

Specifically, the parties agreed that the number of days defendant spent in custody between the initial sentencing on December 17, 2010, and the hearing on March 20, 2024, was 4,843. Section 15 of the amended abstract, entitled "CREDIT FOR TIME SERVED," reflects the total presentence credits calculated at the initial December 17, 2010 sentencing as "**1416." The court amended the abstract to include the two asterisks to add a reference under section 12, which states: "**Credit for time served at CDCR is granted for 4843 days." The court's intent was to add 4,843 days to the 1,416 presentence credits that were awarded at the initial sentencing hearing. In other words, 4,843 days were to be added to the presentence credit amount of 1,416 days, for a total of 6,259 days of custody credits. To the extent that the amended abstract is unclear, this court may correct it to reflect: "**Credit for time served at CDCR is granted for an *additional* 4843 actual days." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts".)[7]

## DISPOSITION

The matter is remanded to the trial court to amend the abstract of judgment as follows: (1) strike the order to pay the cost of the presentence report pursuant to former

---

[7] We note defendant's additional claim that the abstract of judgment should be amended to reflect that the sentencing hearing where credits were awarded took place on March 20, 2024, "not the December 17, 2000 [*sic*] date where the abstract now indicates the sentence was pronounced." However, the abstract properly reflects in section 15 the "Date Sentence Pronounced" was December 10, 2010. Further, section 14(e) of the amended abstract reflects that a hearing to correct custody credits was held on March 20, 2024. (SCT 5 ["Hearing: 3/20/2024 Re: Correct CTS"].)

10

section 1203.1b, and any portion that remains unpaid as of July 1, 2021; and (2) reflect in section 15, the total amount of presentence credits as "**1416" (1232 actual plus 184 conduct) and in section 12: "**Credit for time served at CDCR is granted for an additional 4843 actual days." The trial court shall then forward the amended abstract of judgment to the appropriate authorities. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

McKINSTER _____
Acting P. J.

RAPHAEL _____
J.

11